# CHARLESTON.

CHARLES E. MYLIUS v. THOMAS J. ARNOLD *et al.*

(No. 5313)

Submitted May 12, 1925.   Decided June 9, 1925.

BOUNDARIES—TENANCY IN COMMON—*Equity will Not Entertain Suit Between Cotenants for Accounting, Involving Settlement of Disputed Boundaries, or if Amount of Recovery Has Been Definitely Fixed and Agreed Upon by Parties.*

Equity will not entertain a suit for an accounting between cotenants where it will involve the settlement of disputed boundaries or the amount of recovery has been definitely fixed and agreed upon by the parties; the proper remedy in either case being an action at law.

(Boundaries, 9 C. J. § 278 ; Tenancy in Common, 38 Cyc. p. 81).

(Note : Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Randolph County.

Suit by Charles E. Mylius against Thomas J. Arnold and others. From a decree sustaining the demurrer to the original bill, and a decree sustaining the demurrer to the amended bill and dismissing both bills, plaintiff appeals.

*Affirmed.*

*W. B. & E. L. Maxwell,* for appellant.

*S. T. Spears, C. O. Strieby,* and *D. H. Hill Arnold,* for appellees.

LITZ, JUDGE :

The plaintiff, Charles E. Mylius, appeals from a decree of March 20, 1923, sustaining demurrer to the original bill, and decree of February 21, 1924, sustaining demurrer to the amended bill and dismissing both bills.

The original bill, filed June 1, 1914, against the defendant Thomas J. Arnold alone, shows, *inter alia,* that prior to the formation of the State David Goff, commissioner of forfeited and delinquent lands, sold and conveyed to various purchasers, in twenty-three several lots, numbered 1 to 23, inclusive, a tract of 19,000 acres of land situated in Randolph county, known as the Phillips and Law 19,000 acres survey, theretofore forfeited to the Commonwealth of Virginia for non-

payment of taxes thereon; that in the division of the 19,000 acres survey for the purpose of sale by said commissioner, some of the lines and corners marking the various lots, as it seems, were not accurately and definitely determined, by reason whereof a controversy over the location of the boundary lines to Lots 14, 15, 21 and 22 arose between the plaintiff, owning an undivided one-half of Lot 21 and specific portions of Lots 14 and 15, and the defendant Thomas J. Arnold, vested with an undivided one-fourth of Lot 21, and an undivided one-half of three several tracts of land containing 348 acres, 421 acres and 228 acres, lying wholly without Lots 14, 15 and 21; that for the purpose of adjusting said dispute, on or about June 10, 1904, plaintiff and defendant Thomas J. Arnold entered into a written contract whereby they agreed to establish the disputed boundary lines in accordance with the final decisions of two suits then pending, involving a similar controversy, one of which had been brought by plaintiff against the Raine-Andrews Lumber Company, and the other by Thomas J. Arnold against the same defendant.

That by deed of November 12, 1906, Thomas J. Arnold and wife conveyed to Jacob Koontz, E. F. Phillips and John Stamm the 348 acres tract (as 411.8), described by metes and bounds as beginning at a stake, corner of Lots 14, 15 and 21 of the Phillips and Law 19,000 acres survey; that by deed dated November 14, 1906, defendants Thomas J. Arnold and Elizabeth E. Arnold conveyed to the said Jacob Koontz, E. F. Phillips and John Stamm an undivided one-half of the 421 acres, and all of the 228 acres lying without said Lot 21; that thereafter the defendant Thomas J. Arnold went upon the ground with the grantees, Koontz, Phillips and Stamm, and directed a survey of the lands conveyed, fixing the beginning corner of the 348 acres tract at a point 165 poles south and 150 poles west of the true location of the common corner of Lots 14, 15 and 21, thereby including within the marked lines of the survey so made large portions of Lot 21 and of the lands owned by the plaintiff within Lots 14 and 15; that being informed of the immediate purpose of Koontz, Phillips and Stamm, under the deeds, to cut and remove timber from Lot 21 and his land within Lots 14 and

15, the plaintiff gave notice requiring that they desist therefrom; that subsequently, "about June, 1907," the defendant Thomas J. Arnold verbally agreed with the plaintiff to pay him for any of his land that might have been included by the deeds or the survey thereunder the purchase price received from Koontz, Phillips and Stamm, at the time assuring the plaintiff that little, if any, of his land was so affected, whereupon the plaintiff permitted Koontz, Phillips and Stamm to proceed with the cutting and removal of the timber.

That in 1909, after large quantities of timber had been cut and removed by Koontz, Phillips and Stamm from Lot 21 and the lands of plaintiff within Lots 14 and 15, the defendant Thomas J. Arnold having repudiated his said oral agreement, the plaintiff obtained an injunction in the circuit court enjoining Koontz, Phillips and Stamm from further cutting or removing timber within the disputed boundaries pending an action in ejectment for the settlement thereof; that upon appeal to this Court, the injunction was dissolved and the suit dismissed on the ground that plaintiff was estopped by his previous consent to the action of Koontz, Phillips and Stamm sought to be enjoined. *Mylius v. Koontz et al,* 69 W. Va. 629.

That on February 9, 1909, Elizabeth Arnold, widow and devisee, and Grace Arnold, Beatrice Arnold, Gohen C. Arnold and Marie Pifer (nee Arnold) children and heirs-at-law, of Stark W. Arnold, deceased, instituted a suit against the said Charles E. Mylius and others; the bill therein alleging that said Lot 21 was owned jointly, an undivided one-half by said Mylius, an undivided one-fourth by said Thomas J. Arnold, and an undivided one-fourth, by the plaintiffs in the suit, and praying for a partition thereof accordingly.

That at October rules, 1910, said Charles E. Mylius filed a cross bill in the last mentioned suit, praying judgment against said Arnolds and Charles E. Durbin, who had conveyed to Koontz, Phillips and Stamm an undivided one-half of the 421 acres and 228 acres, for the value of the timber cut and removed from Lot 21 by Koontz, Phillips and Stamm.

The bill herein prays a decretal judgment against the de-

fendant Thomas J. Arnold for the value of the land, and timber thereon, owned by plaintiff within the disputed boundaries; the basis of recovery being alleged fraud on the part of said defendant in the execution of the deeds of November 12 and 14, 1906, thereby rendering himself unable to comply with the written contract of June 10, 1904, and by misrepresenting to the plaintiff the extent of the territory conveyed by said deeds and within the survey thereof, whereby the plaintiff was induced to grant Koontz, Phillips and Stamm permission to cut and remove the timber from the disputed lands, resulting in the estoppel adjudged against him in their favor.

The amended bill, filed August 4, 1923, against Thomas J. Arnold, Elizabeth E. Arnold in her own right, and as Executrix of Stark W. Arnold, deceased, Gohen C. Arnold, Grace Arnold, Beatrice Giffin (nee Arnold), and Marie Pifer (nee Arnold), children and heirs of Stark W. Arnold, deceased, and Clinton I. Farnsworth and Mary J. Farnsworth, as Executors of D. D. T. Farnsworth, deceased, charges that the defendant Thomas J. Arnold, a defendant to the injunction suit, therein admitted the validity and binding force of the written contract of June 10, 1904, and the oral agreement of June, 1907; that the contention of the plaintiff respecting the disputed boundary lines has been finally established in his suit against Raine-Andrews Lumber Company by decision of this court pronounced therein February 10, 1914, and reported in 73 W. Va. 674; that the suit of defendant Thomas J. Arnold against the said Raine-Andrews Lumber Company remained on the docket of the trial court from March, 1903, until May, 1922, when it was dismissed for failure to prosecute; that according to the lines established in the plaintiff's suit against Raine-Andrews Lumber Company 489.65 acres of Lot 21 are included in the survey of the lands conveyed by the deeds to Koontz, Phillips and Stamm.

That by decision of this Court, pronounced July 3, 1923, and reported in 87 W. Va. 727, it was held that the matters set up in the plaintiff's cross bill in the partition suit were not cognizible therein and that partition could be made only of that portion of Lot 21 as to which there was no controversy.

Admitting the equitable ownership by the estate of D. D. T. Farnsworth, deceased, of one undivided fourth of Lot 21, and abandoning the right to recover in this case for his lands in Lots 14 and 15 included by the survey under the deeds to Koontz, Phillips and Stamm, the plaintiff in the amended bill prays a decretal judgment against Thomas J. Arnold, Elizabeth E. Arnold, in her own right and as Executrix of Stark W. Arnold, deceased, Gohen C. Arnold, Grace Arnold, Beatrice Giffin and Marie Pifer, for the value of one-fourth of that portion of Lot 21 within the lines of said survey.

The demurrers to the original and amended bills were sustained upon the ground that the suit involved the determination of boundary lines, cognizable only in an action at law. The point is now strongly urged. The decision on the plaintiff's cross-bill in the partition suit is cited not only as authority for the general rule that equity will not take jurisdiction to settle disputed boundary lines, but also as constituting *res adjudicata* between the parties upon the matter under consideration. It will be observed that the plaintiff by his amended bill shifts the basis of recovery from fraud to contract. He contends now that by virtue of the written contract of June 10, 1904, the successful termination of his suit against the Raine-Andrews Lumber Company and the abandonment and dismissal of the case of said Thomas J. Arnold against the same defendant, the boundaries in question have been fixed and determined in accordance with the plaintiff's contention and that the defendant Thomas J. Arnold may be required to comply with his verbal agreement of June, 1907.

Concerning the two agreements relied on by the plaintiff, it is stated in the opinion of the injunction case:

> "That this written agreement of June 10, 1903, is in full force, and binding on the parties, is not seriously controverted. It is charged by Arnold in a general way that Mylius has violated the terms of the agreement, but we do not understand Arnold to claim that the agreement is thereby abrogated or nullified. As we interpret the evi-

dence of Arnold, relating to the verbal agreement, we understand him to say, not as might be inferred from his language perhaps, that this agreement was on the same terms as the written one, but that the terms of the written agreement were again talked over and were satisfactory to both parties, and that because of the controversy with Koontz, Phillips and Stamm, the written agreement was supplemented by the verbal agreement, providing, however, as already recited, that the parties should account to each other for the lands in the events contemplated by the written contract. Both Arnold and Mylius agree, moreover, that in concluding this verbal agreement they notified Stamm, for Koontz, Phillips and Stamm, that they had settled their differences, and that they, Koontz, Phillips and Stamm, were free to go on with their contract and cut the timber, unaffected by the claims of Mylius.''

The answer of the defendant Thomas J. Arnold in that suit admits the full force and binding effect of the written agreement, and further states:

"That one of said actions at law mentioned and described herein, in said (written) contract, to-wit: the case of *Mylius* v. *Raine-Andrews Lumber Company,* has been tried but that the case of this defendant against Raine-Andrews Lumber Company has never yet been tried; that said case of *Mylius* v. *Raine-Andrews Lumber Company* resulted in a judgment for the plaintiff from which said judgment an appeal was taken and the same is yet undetermined; *that at the time of making said sale by this defendant to Koontz, Phillips and Stamm, this defendant and said Mylius agreed that if under said contract of .... day of .............., 1904,* (meaning the written contract) *certain of said lands should be plaintiff's, for that portion from which the timber had not been severed prior to said sale, he would compensate him at his rate of sale, and for that portion from which the timber had been severed he would give him other lands of equal value.''*

Plaintiff insists that this suit may be properly maintained as one for an accounting between cotenants, and that the cause for dismissal of his cross-bill in the partition suit has been removed by the establishment of the disputed boundary lines in his favor. It is not alleged, however, that any of the defendants except Thomas J. Arnold is affected by the written contract or verbal agreement between the plaintiff and said Arnold, so that there could be no recovery by virtue of either of these contracts against any of the other defendants. Moreover, if the plaintiff relies on the contracts, as he does, his recovery against Thomas J. Arnold will be governed by the terms thereof, and limited to the purchase price paid by Koontz, Phillips and Stamm.

An accounting may generally be had in equity when funds or property are jointly owned and one party refuses to account to the other for his share thereof, if the remedy at law is inadequate. 1 C. J. 624. "But a tenant in common cannot maintain a bill in equity against his cotenant for a portion of the rents received for the use of the common property, where the amount received is fixed and certain and there is no confusion or complication of accounts between them, since there is a plain and adequate remedy at law for its recovery." 7 R. C. L. 903; 29 L. R. A. N. S. 224, 231 (note); 28 L. R. A. 829; *Carter* v. *Bailey*, 64 Maine 458, 18 Am. Rep. 273; *Pico* v. *Columbet*, 12 Cal. 414, 73 Am. Dec. 550. "Equity has jurisdiction, under a proper bill setting out sufficient facts, to require an accounting between cotenants. But such a bill must set forth some equity, such as the need for discovery or the absence of remedy at law or the involvement of some question of account, and the rights of the complainant in equity must be clear, for although some courts seem to hold broadly that equity has jurisdiction in matters of account between tenants in common, or that it has concurrent jurisdiction with courts of law in such matters, courts of equity generally require special circumstances in matters of accounting between tenants in common before they will act; and where the account is simple or can be readily determined such account has been held not to be sufficient for the intervention of chancery; and it is gen-

erally laid down that equity will not, in the absence of statute, assume jurisdiction of an accounting unless there are special circumstances making the action at law for an account an inadequate remedy.'' 38 Cyc. p. 80.

Here the plaintiff relies on contract which, according to his contention, fixes definitely the amount of recovery and on a basis different from that imposed by the relation of co-tenancy.

We are clearly of opinion that the plaintiff's remedy, if any, is an action at law in tort or upon contract, and that equity is without jurisdiction upon the theory of accounting. In brief, if the boundary lines are still in controversy, as defendants contend, equity cannot settle them; if on the other hand they have been determined, as plaintiff insists, the amount of recovery is fixed and law affords an adequate and exclusive remedy.

The rulings of the circuit court will, therefore, be

*Affirmed.*